UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LORI A. FITZGERALD,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. SA CV 13-0862-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") erred in determining that Plaintiff could perform her past relevant work. Therefore, the Court reverses the ALJ's decision and remands to the ALJ for reconsideration.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed applications for social security disability insurance ("SSDI") benefits and supplemental security income ("SSI"), alleging disability beginning November 23, 2009. Administrative Record ("AR") 13. On

December 22, 2011, a hearing was held at which the ALJ heard testimony from Plaintiff, an impartial medical expert ("ME"), and a vocational expert ("VE"). In an unfavorable decision, the ALJ concluded that Plaintiff was not disabled because she could perform her past relevant work as an order clerk. AR 19.

## II.
## ISSUE PRESENTED

The parties dispute (1) whether the ALJ properly rejected the opinions of Plaintiff's treating pain specialist and chiropractor; (2) whether the ALJ's residual functional capacity ("RFC") assessment and the hypotheticals posed to the VE had a basis in the record; and (3) whether the ALJ properly discredited Plaintiff's subjective pain and symptom testimony . See Memorandum in Support of Plaintiff's Complaint ("Plaintiff's Memorandum") at 13-24; Defendant's Memorandum in Support of Defendant's Answer 2-9 ("Commissioner's Memorandum").

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports

a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.
## DISCUSSION

Plaintiff contends that the ALJ's RFC assessment lacks a basis in the record. Plaintiff's Memorandum at 18-21. The Court's review of the record reveals an error in the ALJ's understanding and description of the ME's testimony. Moreover, even without that error, the ALJ's failure to include time-based restrictions on Plaintiff's ability to sit, stand, and walk was not supported by substantial evidence. Because the Court finds that the decision of the ALJ must be reversed as a result of these errors, the Court need not address Plaintiff's remaining contentions.

A claimant's "residual functional capacity" is the most a claimant can still do despite her limitations. Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.945(d)(2). However, an RFC determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. See 20 C.F.R. §§ 404.1545, 416.945.

///

The Plaintiff's contentions on this issue arise from a peculiar set of circumstances. At the hearing before the ALJ, the ME opined as to Plaintiff's RFC, including among the limitations a restriction to sitting for a maximum of four hours in an eight hour workday, and a restriction to standing or walking for a maximum of four hours in an eight hour workday. AR 32-33. After Plaintiff and the ME testified, the ALJ posed two hypotheticals to the VE. The first hypothetical included substantially all of the limitations described by the ME, except permitted six hours of sitting per workday. AR 44. The VE indicated that this hypothetical would permit Plaintiff's past work as an order clerk. Id. The second hypothetical restricted each of sitting and standing/walking to one to two hours per workday, which the VE testified would preclude all work. AR 44-45.

Plaintiff's counsel then put forward a third hypothetical, identical to the ALJ's first hypothetical but with a four-hour limitation on sitting, creating a hypothetical that was substantively identical to the RFC proffered by the ME. AR 45. The VE testified that this hypothetical would bar Plaintiff's past relevant work. Id. Thereafter, the ALJ re-called the ME, who reiterated that his proposed RFC limited Plaintiff to four — not six — hours of sitting per workday. AR 45-46. It would appear from this exchange that the ALJ was initially mistaken as to the proposed RFC described by the ME, and that this mistake led to the six hour sitting limitation contained in the first hypothetical posed to the VE.

The ALJ's confusion apparently persisted. In his decision denying Plaintiff's claim, the ALJ again attributed to the ME's proposed RFC (which he accorded "great weight") a limitation to six hours of sitting per workday. AR 19. Nonetheless, the ALJ included no time-based restriction on sitting in his ultimate RFC assessment and found that Plaintiff could perform her past relevant work as an order clerk, relying on the first hypothetical posed to the

4

VE. AR 17, 19. In light of the ALJ's continuing confusion as to the ME's proposed RFC, and given the VE's concession that Plaintiff would be incapable of performing her past work if a four-hour sitting limitation were imposed, the Court is unable to affirm the ALJ's decision.

Moreover, even if it were clear that the ALJ properly understood and considered the ME's proposed RFC, there remains no explanation for his failure to incorporate time-based restrictions on sitting, standing, and walking. Although the Commissioner is correct that it is the ALJ's role to synthesize the medical opinion testimony and formulate an RFC, here all of the medical opinions contained time-based limitations on Plaintiff's ability to sit, stand, or walk, but no such limitation appears in the ALJ's RFC. The ME's opinion, which the ALJ credited, limited Plaintiff to four hours of sitting and four hours of standing or walking in each eight-hour workday. AR 32-33. State agency physician Dr. Walter W. Bell's opinion limited Plaintiff to six hours of each. AR 291. Treating pain specialist Dr. Wei Wah Kwok opined that Plaintiff would be limited to one-to-two hours of each. AR 375. Thus, although there is disagreement as to the appropriate degree of time-based restriction to apply to Plaintiff's capacity for sitting, standing, and walking, there appears to be a broad medical consensus that some restriction is necessary. Because the ALJ failed to incorporate such a restriction into his RFC assessment, and has not provided an explanation for doing so, the Court cannot conclude that Plaintiff's assessed RFC was supported by substantial evidence.

In light of these errors, the Court reverses the ALJ's decision denying benefits and remands this matter for a further assessment of Plaintiff's RFC in light of the ME's testimony and the medical consensus as to the need for a time-based restriction in sitting, standing, and walking.

///
///

# V.
# CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: June 12, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge